**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AMELIA BLACK,<br><br>*Plaintiff*,<br><br>v.<br><br>WESTLAKE PORTFOLIO MANAGEMENT, LLC,<br><br>*Defendant*. | Case No. 25-2565-AJP-JBW |

## MEMORANDUM AND ORDER

Plaintiff Amelia Black filed suit against Defendant Westlake Portfolio Management, LLC ("Westlake") asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Before the Court is Defendant's Motion to Compel Arbitration (Doc. 16). For the reasons stated in more detail below, the Court denies Defendant's motion.

### I. Factual and Procedural Background

This matter arises from a transaction between Plaintiff Amelia Black, her husband, Stephen Black, and Show Me Auto Mall in which Plaintiff and her husband purchased a 2015 Ford F150 on March 6, 2020. As part of the transaction, Plaintiff and Show Me Auto Mall executed a Retail Installment Sale Contract ("RISC") to finance the purchase. The RISC contains an arbitration provision, which provides:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. (Doc. 17-1 at 2).

Defendant states that Show Me Auto Mall assigned the RISC to Mechanics Bank Auto Finance ("Mechanics Bank"). The assignment to Mechanics Bank was noted on the RISC indicating that Show Me Auto Mall assigned its interest to Mechanics Bank "under the terms of Seller's agreement(s) with Assignee."[1] (Doc. 17-1 at 1).

Plaintiff and her husband filed for Chapter 13 Bankruptcy on August 31, 2021. On October 15, 2021, the Bankruptcy court ordered the truck returned to Mechanics Bank to be liquidated. Mechanics Bank then filed a claim in the same bankruptcy case for $19,685.47 in unsecured debt.

On March 21, 2025, Mechanics Bank and Defendant Westlake entered into a servicing agreement whereby Defendant was contracted to service Mechanics Bank's receivables. A Power of Attorney was also executed by Mechanics Bank and granted to Defendant on April 8, 2025.

In June 2025, Defendant sent Plaintiff a letter trying to collect on the debt owed to Mechanics Bank. Consequently, in September 2025, Plaintiff filed this suit

---

[1] Although the agreement between Plaintiff and Show Me Auto Mall is included as an exhibit, Defendant does not include the agreement between Show Me Auto Mall and Mechanics Bank referenced in the RISC.

against Defendant claiming violations of the FDCPA for attempting to collect a debt included in bankruptcy.

Defendant filed a Motion to Compel Arbitration (Doc. 16) on December 23, 2025, arguing that the parties are bound by the arbitration clause in the RISC. Defendant asserts that it is the "agent and assignee" of Mechanics Bank; therefore, it has a right to enforce the arbitration clause in the RISC. (Doc. 17 at 5). Defendant also provides an affidavit from the custodian of its accounts that states that Mechanics Bank "assigned" Defendant "servicing rights" to Plaintiff's RISC (Doc. 17-2 at 1) and authenticates the servicing agreement and power of attorney between Defendant and Mechanics Bank. The affidavit also purports to authenticate Exhibit A, a contract entered into by Plaintiff on "March 6, 2025" for a vehicle from Show Me Auto Mall and alleges that Exhibit A was "immediately assigned" to Mechanics Bank. (Doc. 17-2 at 1).[2] Plaintiff argues that Defendant's motion should be denied because (1) Defendant has not laid "the requisite foundation" to admit Plaintiff's RISC, (2) Defendant has not provided sufficient evidence of an agreement between Plaintiff and Defendant, and (3) even if there is an agreement, the arbitration clause is unconscionable.

## II. Legal Standard

"Arbitration is a matter of contract and consent, and [the United States Supreme Court has] long held that disputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes." *Coinbase, Inc. v. Suski*, 602

---

[2] The Court will discuss this Agreement in more detail below.

U.S. 143, 145 (2024). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, codifies "a liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quotation marks and citation omitted). But the Court must determine "whether a valid arbitration agreement exists" before "referring a dispute to an arbitrator." *Coinbase*, 602 U.S. at 149 (internal quotation marks and citation omitted).

"[A]lthough the presence of an arbitration clause generally creates a presumption in favor of arbitration, this presumption disappears when the parties dispute the existence of a valid arbitration agreement." *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 613 (10th Cir. 2014) (internal quotation marks and citations omitted); *see also Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) ("[W]hen the dispute is whether there is a valid and enforceable arbitration agreement in the first place, the presumption of arbitrability falls away"). "[A]rbitration agreements are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation or any contract.'" *Coinbase*, 602 U.S. at 147–48 (quoting 9 U.S.C. § 2). As such, the Court applies "ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute." *Walker v. BuildDirect.com Techs., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013) (internal quotation marks and citation omitted).

"The party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable

agreement." *BOSC, Inc. v. Bd. of Cnty. Comm'rs*, 853 F. 3d 1165, 1177 (10th Cir. 2017) (citation omitted). Upon such a showing, "the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement." *Id.* (citation omitted). If "no material disputes of fact exist," the Court "may decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." *Id.* (internal quotation marks and citation omitted). But if there are material disputes of fact, the Court must hold a summary trial. *Id.*

## III. Analysis

Defendant bears the burden to present sufficient evidence of an arbitration agreement between the parties. It does not do so. Instead, Defendant provides the Court with an agreement, that contains an arbitration clause, between Plaintiff and Show Me Auto Mall and states that the contract was assigned to Mechanics Bank.

The Court notes that Defendant's custodian of records attempts to authenticate Exhibit A (Doc. 17-1)—the contract between Plaintiff and Show Me Auto Mall. In Defendant's affidavit, its custodian of records states that Plaintiff entered into a contract with Show Me Auto Mall to finance the purchase of a vehicle and states that the contract (Exhibit A) is attached to the affidavit. *See* Doc. 17-2 at ¶ 2 (citing 17-2 at 3–7). Not only does Defendant's custodian of records erroneously state the date the contract was entered into, but the Exhibit A attached to the affidavit is not the agreement between Plaintiff and Show Me Auto Mall contained in 17-1. Instead, it is an entirely different agreement between two wholly unrelated

parties to this case (the Murrays and Dream Nissan). Thus, Defendant's contention that Plaintiff entered into an agreement with Show Me Auto Mall is unsupported.

Furthermore, neither Show Me Auto Mall nor Mechanics Bank are parties to this lawsuit. Defendant states that it has a right to enforce the arbitration clause in the contract between Plaintiff and Show Me Auto Mall because Defendant is an "agent and assignee" of Mechanics Bank. (Doc. 17 at 5). However, Defendant does not cite to evidence that it is an agent or assignee. In addition, Defendant does not argue which state law should apply to determine the contract formation issue and does not cite to any authority on assignment or agency law to support its claim. *See Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1288 (10th Cir. 1997) (holding that the district courts' analysis of an arbitration agreement should begin with a choice of law determination); *see also Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 979 (10th Cir. 2014) (stating that the Court looks to state law principles of contract formation to determine whether an agreement to arbitrate exists in the first place). Furthermore, Defendant does not cite any contract to which it is a party nor to any evidence indicating a connection between Defendant and the arbitration clause. As such, Defendant's argument is unsupported.[3] *See In re Universal Serv. Fund Tel.*

[3] But even if the Court were to consider the merits, Defendant must at least demonstrate that Mechanics Bank has the authority to enforce the arbitration clause which requires review of the agreement between Show Me Auto Mall and Mechanics Bank that is not in the record. *See* Restatement (Second) of Contracts § 324, Comment A (1981) ("Assignment requires an assignable right."); *Fucci v. First Am. Title Ins. Co.*, 153 F.4th 1129, 1144 (10th Cir. 2025) ("[A]n agent cannot do what its principal is not permitted to do."). And then Defendant must show a relationship between Mechanics Bank and Defendant that would allow Defendant to enforce the arbitration clause with Plaintiff. Defendant fails to demonstrate that the Servicing Agreement and Power of Attorney with Mechanics Bank reflects such a right especially where there is no mention of Plaintiff's RISC or debt.

*Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1128 (D. Kan. 2003) (rejecting plaintiff's argument as conclusory and unsupported by the record where plaintiff failed to provide any meaningful information or evidence to support its arguments). Thus, Defendant fails to meet its initial burden, and the Court must deny Defendant's motion to compel arbitration. *See BOSC, Inc.*, 853 F. 3d at 1177.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of September 2026.

ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE

Both documents only grant Defendant powers over the Receivables. The Receivables schedule, however, is not even included in the record.